Youssef H. Hammoud, Esq. (SBN: 321934)
PRICE LAW GROUP, APC
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com

Brian Brazier, Esq. (SBN: 245004)
PRICE LAW GROUP, APC
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5587
F: (818) 600-5464
E: brian@pricelawgroup.com

*Attorneys for Plaintiff,*
*Charlyn Greene*
*for herself and on behalf of all*
*those similarly situated individuals*

# UNITED STATES DISTRICT COURT
# IN THE DISTRICT OF NORTHERN CALIFORNIA

| | |
|---|---|
| CHARLYN GREENE, *on behalf of herself and those similarly situated* <br><br> Plaintiff, <br><br> v. <br><br> TRUEACCORD CORP, <br><br> Defendant. | Case No. 3:19-cv-6651 <br><br> CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL FOR VIOLATIONS OF 15 U.S.C. § 1692 *et seq.* and CAL. CIV. CODE § 1788 *et seq.* |

## **CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Charlyn Greene ("Plaintiff"), by and through her attorneys, on behalf of herself and all similarly situated individuals, alleges the following against Defendant, TrueAccord Corp ("TrueAccord" or "Defendant").

## **INTRODUCTION**

1. Count I of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from

1. engaging in abusive, deceptive, and unfair practices in connection with the collection of consumer debts.

2. Count II of Plaintiff's Complaint is based upon Rosenthal Fair Debt Collection Practices Act ("RFDCPA"), CAL. CIV. CODE § 1788, which also prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 1331.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant's principal places of business are here, personal jurisdiction is established.

## PARTIES

5. Plaintiff is a natural person residing in the state of Nevada.

6. Defendant TrueAccord is a debt collector with its principal place of business located at 303 Second Street, Suite 750 South, San Francisco, California 94107. Defendant TrueAccord can be served through its registered agent, C T Corporation System, located at 818 West Seventh Street, Suite 930, Los Angeles, California 90017.

7. Defendant TrueAccord's principal purpose is the collection of debts, and TrueAccord regularly collects or attempts to collect debts owed, or due, or asserted to be owed or due by another. TrueAccord regularly uses the telephone, mail and e-mail to engage in the business of collecting debt in several states, including California and Nevada. Thus, TrueAccord is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

8. Defendant acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

9. Defendant is attempting to collect an alleged debt from Plaintiff.

10. On or about March 21, 2019, TrueAccord sent Plaintiff an e-mail in an attempt to collect on Plaintiff's alleged debt.

11. Plaintiff's alleged debt purports to have originated with Bank of America, N.A.

12. The e-mail stated that Cach LLC was the "current owner."

13. The e-mail stated that TrueAccord was collecting on behalf of Cach LLC.

14. The e-mail contained the language, ". . . If you notify us in writing within 30 days from receiving this notice that you dispute all or any portion of this debt, we will obtain verification of the debt or obtain a copy of a judgment and *send* you a copy of such verification or judgment." (Emphasis added)

15. 15 U.S.C. § 1692g(a)(4), states that a debt collector must send the consumer a written notice containing:

   a. (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be *mailed* to the consumer by the debt collector. (emphasis added).

16. TrueAccord's initial communications have effectively changed the wording of the statute by removing the word "MAILED" and replacing it with the word "SEND."

17. In addition, 15 U.S.C. § 1692g(a) requires that:

   a. (a) within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

      i. (1) the amount of the debt;

      ii. (2) the name of the creditor to whom the debt is owed;

      iii. (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be vailed by the debt collector;

      iv. (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

      v. (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

18. Congress enacted the FDCPA in 1977 and imposes a disclosure requirement on debt collectors, as described in ¶ 17.

19. In or around 2000, Congress enacted the E-SIGN Act, which set out the requirements that must be met when email is used to provide information that is required by law to be provided to a consumer in writing (like the validation notice). *See 15 U.S.C. § 7001(c)(1)*.

20. Use of e-mail to send the validation notice required under 15 U.S.C. § 1692g is permissible if several conditions of the E-SIGN Act, 15 U.S.C. § 7001(c)(1)(A)-(D), are satisfied

  a. 15 U.S.C. § 7001(c)(1)(A), requires that the consumer has affirmatively consented to such use and has not withdrawn such consent;

  b. 15 U.S.C. § 7001(c)(1)(B), requires that the consumer, prior to consenting, is provided with a clear and conspicuous statement –

      i. (i) informing the consumer of (I) any right or option of the consumer to have the record provided or made available on paper or in nonelectronic form, and (II) the right of the consumer to withdraw the consent to have the record provided or made available in an electronic form and of any conditions, consequences (which may include termination of the parties' relationship), or fees in the event of such withdrawal;

      ii. (ii) informing the consumer of whether the consent applies (I) only to the particular transaction which gave rise to the obligation to provide the record, or (II) to identified categories of records that may be provided or made available during the course of the parties' relationship;

      iii. (iii) describing the procedures the consumer must use to withdraw consent as provided in clause (i) and to update information needed to contact the consumer electronically; and

      iv. (iv) informing the consumer (I) how, after the consent, the consumer may, upon request, obtain a paper copy of any electronic record, and (II) whether any fee will be charged for such copy;

c. 15 U.S.C. § 7001(c)(1)(C), requires that the consumer –

      i. (i) prior to consenting, is provided with a statement of the hardware and software requirements for access to and retention of the electronic records; and

      ii. (ii) consents electronically, or confirms his or her consent electronically, in a manner that reasonably demonstrates that the consumer can access information in the electronic form that will be used to provide the information that is subject of the consent; and

d. 15 U.S.C. § 7001(c)(1)(D), requires that after the consent of a consumer in accordance with subparagraph (A), if a change in the hardware or

software requirements needed to access or retain electronic records creates a material risk that the consumer will not be able to access or retain a subsequent electronic record that was the subject of the consent, the person providing the electronic record –

i. (i) provides the consumer with a statement of (I) the revised hardware and software requirements for access to and retention of the electronic records, and (II) the right to withdraw consent without the imposition of any fee for such withdrawal and without the imposition of any condition or consequence that was not disclosed under subparagraph (B)(i); and

ii. (ii) again complies with subparagraph (C).

21. Plaintiff never anticipated that her e-mail would somehow be given to TrueAccord and used to communicate with her in an attempt to collect a debt.

22. Further, the e-mail requires Plaintiff to click on a link that would take her to an unknown website to see her "options."

23. TrueAccord violated the FDCPA and RFDCPA by sending initial communications via e-mail without complying with the E-Sign Act and by changing the language of the FDCPA from "mail" to "send."

24. TrueAccord carefully crafted the language so as to encompass its preferable method of communication, e-mail.

25. Upon information and belief, it is TrueAccord's practice to send all correspondence through e-mail communications.

26. Defendant has used e-mail communications in their attempts to collect from Plaintiff as well as each and every Class member in an attempt to coerce them to pay outstanding balances on debts without complying with the requirements set forth by the FDCPA, RFDCPA, and E-SIGN Act.

## COUNT I- CLASS ACTION CLAIM
**(Defendant Violated the FDCPA, 47 U.S.C. § 1692 *et seq.*)**

27. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

28. **The Class**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

    a. All California consumers who TrueAccord Corp., sent collection notices via e-mail on debt owed to or asserted to be due to another.

    b. All California consumers who True Accord Corp., sent initial communications via e-mail and replaced the language required by 15 U.S.C. § 1692g(a)(4) from "mailed" to "send."

29. **Numerosity. FED. R. CIV. P. 23(a)(1).** On information and belief, the Plaintiff alleges that Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

30. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a. Whether Defendant's use of e-mail to provide the validation notice as prescribed by the FDCPA is a violation of the FDCPA, RFDPCA, and E-SIGN Act;

    b. Whether Defendant's use of the word "send" instead of the word "mailed," as required by 15 U.S.C. § 1692g(a)(4), constituted violations of the FDCPA.

31. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

32.     **Adequacy. FED R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

33.     **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication for the controversy. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

34.     **Injunctive Relief Appropriate for the Class. FED. CIV. R. P. 23(b)(2).** Class certification is appropriate because Defendant have acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

35.     Defendant violated the FDCPA.  Defendant's violations include, but are not limited to, the following:

    a.     Defendant violated 15 U.S.C. §1692g(a) by providing the initial communication through e-mail without complying with the requirements of the E-SIGN Act;

b. Defendant violated 15 U.S.C. §1692g(a) by changing the language under 15 U.S.C. § 1692g(a)(4) from "mailed" to "send."

36. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

37. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff and each Class member for up to $1,000 in statutory damages, actual damages, costs, and attorneys' fees pursuant to 15 U.S.C. § 1692k.

## COUNT II- CLASS ACTION CLAIM

### (Defendant Violated CAL. CIV. CODE § 1788 *et seq.*)

38. Plaintiff incorporates herein by reference all of the above paragraphs of this Complaint as though fully set forth herein at length.

39. **The Class**. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff brings this action for himself and on behalf of a class (the "Class") initially defined as follows:

a. All California consumers who TrueAccord Corp., sent collection notices via e-mail on debt owed to or asserted to be due to another.

b. All California consumers who True Accord Corp., sent initial communications via e-mail and replaced the language required by 15 U.S.C. § 1692g(a)(4) from "mailed" to "send."

40. **Numerosity. FED. R. CIV. P. 23(a)(1).** On information and belief, the Plaintiff alleges that Class members are so numerous that joinder of all is impractical. The names and addresses of the Class members are identifiable through documents maintained by the Defendant, and the Class members may be notified of the pendency of this action by published and/or mailed notice.

41. **Existence and Predominance of Common Questions of Law and Fact. FED. R. CIV. P. 23(a)(2).** Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

      a.      Whether Defendant's conduct constituted violations of the RFDCPA; more precisely violating CAL. CIV. CODE § 1788.17 by violating 15 U.S.C. § 1692g(a).

42. **Typicality. FED. R. CIV. P. 23(a)(3).** Plaintiff's claims are typical of the claims of each Class member. Plaintiff is entitled to relief under the same causes of action as the other members of the Class.

43. **Adequacy. FED R. CIV. P. 23(a)(4).** Plaintiff is an adequate representative of the Class because his interests coincide with, and are not antagonistic to, the interests of the members of the Class he seeks to represent; he has retained counsel competent and experienced in such litigation; and he intends to prosecute this action vigorously. The interests of members of the Class will be fairly and adequately protected by Plaintiff and his counsel.

44. **Superiority. FED. R. CIV. P. 23(b)(3).** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication for the controversy. It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendant's conduct. By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

45. **Injunctive Relief Appropriate for the Class. FED. CIV. R. P. 23(b)(2).** Class certification is appropriate because Defendant have acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.

46.

47.     Defendant violated the RFDCPA. Defendant's violations include, but are not limited to, the following:

    a.     Defendant violated CAL. CIV. CODE § 1788.17 by collecting or attempting to collect a consumer debt without complying with the provisions of Sections 1692b to 1692j, inclusive, of . . . Title 15 of the United States Code (Fair Debt Collection Practices Act).

        i. Defendant violated 15 U.S.C. §1692g(a) by providing the initial communication through e-mail without complying with the requirements of the E-SIGN Act;

        ii.     Defendant violated 15 U.S.C. §1692g(a) by changing the language under 15 U.S.C. § 1692g(a)(4) from "mailed" to "send."

48.     Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

49.     As a result of the foregoing violations of the RFDCPA, Defendant is liable to Plaintiff and each Class member for up to $1,000 in statutory damages, actual damages, costs, and attorneys' fees pursuant to 1788.30(b)-(c).

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff, Charlyn Greene, respectfully requests judgment be entered against Defendant TrueAccord Corp., for the following:

50.     Statutory and actual damages pursuant to 15 U.S.C. § 1692k;

51.     Cost and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(3);

52.     Statutory and actual damages pursuant to RFDCPA, CAL. CIV. CODE § 1788.30(b);

53.     Costs and reasonable attorneys' fees pursuant to the RFDCPA, CAL. CIV. CODE §1788.30(c);

54.     Injunctive relief to prevent any further use of the complained of language by Defendant in future collection letters;

- 11 -

COMPLAINT AND DEMAND FOR JURY TRIAL

55. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

56. Any other relief that this Honorable Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 16th day of October 2019.

**PRICE LAW GROUP, APC**

By:/s/ *Youssef H. Hammoud*
Youssef H. Hammoud, Esq. (SBN: 321934)
PRICE LAW GROUP, APC
6345 Balboa Blvd., Suite 247
Encino, CA 91316
T: (818) 600-5596
F: (818) 600-5496
E: youssef@pricelawgroup.com

Brian Brazier, Esq. (SBN: 245004)
PRICE LAW GROUP, APC
8245 N 85th Way
Scottsdale, AZ 85258
T: (818) 600-5587
F: (818) 600-5464
E: brian@pricelawgroup.com