LEAH S. STRICKLAND [SBN 265724]
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant TRUEACCORD
CORP.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLYN GREENE, on behalf of herself and those similarly situated,<br><br>           Plaintiff,<br><br>      v.<br><br>TRUEACCORD CORP.,<br><br>           Defendant. | Case No. 3:19-cv-6651<br><br>**DEFENDANT TRUEACCORD CORP.'S ANSWER TO COMPLAINT**<br><br>Judge:   Hon. Edward M. Chen<br><br>Complaint Filed:  10/16/19 |

## INTRODUCTION

1.      Paragraph 1 of the Complaint consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant denies them.

2.      Paragraph 2 of the Complaint consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant denies them.

## JURISDICTION AND VENUE

3.      Defendant admits the allegations contained in paragraph 3.

4.      Defendant admits the allegations contained in paragraph 4.

## PARTIES

5.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 5, and on that basis denies them.

6.      Defendant admits it maintains an office in San Francisco, and denies the remaining allegations contained in paragraph 6.

7.      Defendant admits the allegations contained in paragraph 7.

8.      Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 8, and on that basis denies them.

## FACTUAL ALLEGATIONS

9.      Defendant admits Plaintiff owes an amount due which Defendant was seeking to collect, but lacks knowledge or information sufficient to form a belief as to whether any amount Plaintiff owes is a statutory debt, and on that basis denies any such allegation.

10.      Defendant admits it sent Plaint an email on or about March 21, 2019, which email speaks for itself. Defendant lacks knowledge or information sufficient to form a belief as to whether any amount Plaintiff owes is a statutory debt, and on that basis denies any such allegation.

11.     Defendant admits the allegations contained in paragraph 11.

12.     The email speaks for itself.

13.     The email speaks for itself.

14.     The email speaks for itself. To the extent the allegations in this paragraph are inconsistent with the email, Defendant denies them.

15.     Paragraph 15 consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant denies them.

16.     Defendant denies the allegations contained in paragraph 16.

17.     Paragraph 17 consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant denies them.

18.     This paragraph consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to truth or falsity of the allegations in this paragraph, and on that basis denies them.

19.     Paragraph 19 consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant lacks knowledge or information sufficient to form a belief as to truth or falsity of the allegations in this paragraph, and on that basis denies them.

20.     Paragraph 20 consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant denies them.

21.     Defendant denies the allegations contained in paragraph 21.

22.     Answering paragraph 22, Defendant admits in part and denies in part. Defendant admits that the email permits the recipient to click on a link, and denies the remaining allegations contained in this paragraph.

23.    Defendant denies the allegations contained in paragraph 23.

24.    Defendant denies the allegations contained in paragraph 24.

25.    Defendant admits the allegations contained in paragraph 25.

26.    Defendant denies the allegations contained in paragraph 26.

## <u>COUNT I-CLASS ACTION CLAIM</u>

### (Defendant Violated the FDCPA, 47 USC § 1692 *et seq.*)

27.    Defendant incorporates by reference its answers to all other paragraphs of this Complaint as though fully stated herein.

28.    This paragraph consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant denies them.

29.    This paragraph consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant denies them.

30.    This paragraph consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant denies them.

31.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 31, and on that basis denies them.

32.    Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 32, and on that basis denies them.

33.    Defendant denies the allegations contained in paragraph 33.

34.    This paragraph consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant denies them.

35.    Defendant denies the allegations contained in paragraph 35.

36.    Defendant denies the allegations contained in paragraph 36.

37.    Defendant denies the allegations contained in paragraph 37.

## COUNT II- CLASS ACTION CLAIM

### (Defendant Violated CAL. CIV. CODE § 1788 *et seq.*)

38.     Defendant incorporates by reference its answers to all other paragraphs of this Complaint as though fully stated herein.

39.     Paragraph 39 consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant denies them.

40.     Paragraph 40 consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant denies them.

41.     Paragraph 41 consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant denies them.

42.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 42, and on that basis denies them.

43.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 43, and on that basis denies them.

44.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 44, and on that basis denies them.

45.     Paragraph 45 consists of conclusions of law, which require no response. To the extent this paragraph contains factual allegations, Defendant denies them.

46.     [sic]

47.     Defendant denies the allegations contained in paragraph 47.

48.     Defendant denies the allegations contained in paragraph 48.

49.     Defendant denies the allegations contained in paragraph 49.

### PRAYER OF RELIEF

50.     Defendant denies the allegations contained in paragraph 50.

51.   Defendant denies the allegations contained in paragraph 51.

52.   Defendant denies the allegations contained in paragraph 52.

53.   Defendant denies the allegations contained in paragraph 53.

54.   Defendant denies the allegations contained in paragraph 54.

55.   Defendant denies the allegations contained in paragraph 55.

56.   Defendant denies the allegations contained in paragraph 56.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, and without assuming or shifting any burden of proof required for Plaintiff to establish her claims, Defendant alleges on information and belief as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration Required by Contract)

1.   Defendant alleges on information and belief that there exists a written contract between Plaintiff and the original creditor and/or its assignees, which contains an agreement to arbitrate disputes that applies to the claims Plaintiff asserts in these proceedings. As such, Plaintiff is required to arbitrate all or part of her alleged claims under the terms of the contract. Therefore, this Court lacks jurisdiction to hear such claims against Defendants.

## SECOND AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

2.   The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted.

## THIRD AFFIRMATIVE DEFENSE

### (No Article III Standing)

3.   Plaintiff's claims are barred because she lacks Article III standing, as she has not suffered an actual, particularized, concrete injury. As a result of Plaintiff's lack of standing, the Court lacks Article III jurisdiction.

**FOURTH AFFIRMATIVE DEFENSE**

**(Statutory Damages Unconstitutional)**

4.      An award of statutory damages in the absence of actual damages would exceed the limits of Constitutional due process.

**FIFTH AFFIRMATIVE DEFENSE**

**(Bona Fide Error)**

5.      To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and resulted from a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error.

**SIXTH AFFIRMATIVE DEFENSE**

**(Statute(s) Unconstitutional)**

6.      The statute or statutes are unconstitutional both on their face and as applied because they unconstitutionally restrict a creditor's or debt collector's speech, and because they place a greater restriction on a debt collector's speech than on a debtor's speech, in violation of the First and Fourteenth Amendments of the United States Constitution.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Set-Off)**

7.      Defendant is entitled to a set-off and credit against Plaintiff's claims and the claims of the putative class members.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Statute of Limitations)**

8.      The claims of the putative class members are barred or otherwise limited, in whole or in part, by the statute of limitations set forth in 15 U.S.C. § 1692k(d) and Cal. Civ. Code § 1788.30(f).

1   WHEREFORE, Defendant TRUEACCORD CORP. requests judgment as

2   follows:

3   1.   That Plaintiff takes nothing by the Complaint, which should be

4   dismissed with prejudice;

5   2.   That Defendant recovers from Plaintiff its costs according to proof;

6   3.   That Defendant recovers its attorneys' fees according to proof; and

7   4.   That the Court orders such other further reasonable relief as the Court

8   may deem just and proper.

9

10   DATED:  November 27, 2019   SOLOMON WARD SEIDENWURM &
                                  SMITH, LLP
11

12

13                                By:   _____s/Leah S. Stricklandl_____
14                                      LEAH S. STRICKLAND
                                        Attorneys for Defendant TRUEACCORD
15                                      CORP.

16

17

18

19

20

21

22

23

24

25

26

27

28